UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSED SHAYE OMAR,<br>　　　　　Plaintiff,<br>　　v.<br>JOHN KERRY, et al.,<br>　　　　　Defendants. | Case No. 15-cv-01760-JSC<br><br>**ORDER TO THE UNITED STATES DEPARTMENT OF JUSTICE** |

　　　　Plaintiff Mosed Shaye Omar, a United States citizen, contends that the United States Department of State unlawfully revoked his passport based a written statement ("the Statement") that Omar contends is unreliable. The Court heard oral argument on Omar's motion for a preliminary injunction on September 8, 2015. At the hearing, the Court questioned the government at length about the undisputed facts in the record that supported Plaintiff's assertion that the Statement is unreliable and cannot be the basis for revocation of his passport. At the conclusion of the hearing the Court took the motion under submission to give Plaintiff the opportunity to make a supplemental submission regarding irreparable harm. Following the hearing, the parties agreed to participate in a settlement conference before Judge Orrick on October 8, 2015.

　　　　By letter dated September 28, 2015, Plaintiff Mosed Shaye Omar advised the Court that nine days after the hearing, the United States Attorney's Office obtained a warrant from another magistrate judge of this Court to obtain Plaintiff's DNA. (Dkt. No. 35.) Plaintiff expressed concern that the affidavit in support of the warrant (which was not disclosed to Plaintiff) relied upon the very Statement that in this lawsuit is being challenged as unreliable. Accordingly, the Court ordered the government to file the affidavit submitted to the magistrate judge in support of the warrant. (Dkt. No. 36.) The government did so and also provided a copy to Plaintiff.

The Court has now reviewed the warrant application and directs the Department of Justice to answer the following questions in writing on or before **5:00 p.m. on Thursday, October 1, 2015**.

1. The affidavit omits any reference to: this lawsuit, Plaintiff's challenge to the Statement's reliability, this Court's questions about the Statement's reliability, and any of the facts surrounding the Statement. Was any of this information otherwise provided to the magistrate judge in connection with the warrant application?

2. If any of the above information was not provided, why was the information not disclosed to the magistrate judge?

3. Was the federal agent who signed the affidavit in support of the warrant at all aware of the proceedings before this Court? If not, how did he come to seek the warrant just nine days after the preliminary injunction hearing and more than two and half years after the Statement on which the affidavit is based was made?

4. Was the Assistant United States Attorney who signed the application for the search warrant aware of the litigation before this Court or Mr. Omar's challenge to the Statement's reliability?

5. Was the Department of Justice Attorney appearing in this action aware that the United States was seeking a warrant? If so, when did he become aware of the possibility of a warrant application and was he aware of what information was not disclosed to the magistrate judge.

**IT IS SO ORDERED.**

Dated: September 29, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge