UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSED SHAYE OMAR,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN KERRY, et al.,<br><br>    Defendants. | Case No. 15-cv-01760-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 50 |

    In this action, Plaintiff Mosed Shaye Omar challenges the revocation of his passport following his interrogation and detention at the U.S. Embassy in Sana'a, Yemen. Five months after the action was filed and nine days after the Court heard argument regarding Plaintiff's motion for a preliminary injunction seeking return of his passport, the government obtained—and shortly thereafter executed—a search warrant for Mr. Omar's DNA based on an alleged violation of 18 U.S.C. § 1542, False Statement in an Application for a Passport. (Dkt. No. 35.) When the Court became aware that the Department of Justice had obtained and executed this search warrant, the Court first ordered the government to file a copy of the affidavit establishing probable cause for the search warrant, and in a second order, ordered the Department of Justice to answer certain questions. (Dkt. Nos. 36 & 39.) The Department of Justice filed two responses to the Court's second Order: one from counsel for the Defendants in this action, and one from the Assistant United States Attorney who signed off on the search warrant (hereafter the "AUSA's response").

1  The AUSA's response was filed ex parte and for in camera review.  (Dkt. No. 50.)  Now pending
2  before the Court is the AUSA's administrative motion to submit this response ex parte and in
3  camera, which Plaintiff opposes.   Because the Court concludes that the AUSA's request for
4  sealing is not narrowly tailored, the motion is DENIED without prejudice.

## DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Com*p., 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598.  The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see e.g.*, *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The "compelling reasons" standard is a strict one, and "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).  The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179; *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  This is particularly true with ex parte submissions which "are anathema in our system of justice" as they undermine the very nature of the adversarial process.  *United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b).  It requires the parties to "narrowly tailor" their requests only to the sealable material. *Id*. at 79–5(d).  Thus, although sometimes it may be

appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning or findings underlying its decision to seal." *Apple*, 658 F.3d at 1162. These principles should likewise apply to requests to submit filings ex parte.

The AUSA contends that its response to the Court's Order should be submitted ex parte because it relates to the conduct of a criminal investigation and seeks information protected by the deliberative process. According to the motion, ex parte submission of the information will "protect the identity of individuals who are the subject of a criminal investigation...prevent disclosure of government work product, facts establishing criminal liability for an individual not charged with any crimes, and information about how criminal investigations are conducted from those who are not entitled to this information, including Plaintiff." (Dkt. No. 50 at 2:23-27.) Although the Court concludes that the background of the government's investigation preceding the search warrant was properly submitted for in camera review, the government has not offered any substantive explanation, let alone shown compelling reasons, for ex parte submission of the AUSA's responses to the particular questions posed by the Court. The Court's order inquired as to the knowledge of the federal agent and AUSA, and whether certain information was conveyed to the magistrate judge who signed the warrant, and if not, why not. That the government contends that the questions do not pertain to this civil litigation and that Plaintiff has no right to this information is not an appropriate justification. Further, there is no reason to protect the identities of the individuals who are subject to criminal investigation as their identities were already disclosed when the search warrant itself was filed by Plaintiff in this case. (Dkt. No. 35-1.)

Accordingly, the AUSA's motion to file its response ex parte and in camera is DENIED without prejudice to resubmission of a more narrowly tailored request that comports with this Order and, in particular, explains why the additional (non-background) information it seeks to

3

1  shield is properly maintained ex parte.  The government shall file a renewed request on or before
2  November 25, 2015.
3  **IT IS SO ORDERED.**
4  Dated:  November 17, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge